McCALEB, Justice
(concurring in part, dissenting in part).
I am in full accord with the basis upon which the majority opinion is predicated and readily concur in the ruling that defendant is liable. However, it is my belief that plaintiff should also have judgment for $2,963.63, representing the amount withdrawn by her on October 7, 1948 from the Jackson Homestead Association which she allegedly turned over to defendant. It seems clear to me that, whereas the withdrawal from the Jackson Homestead was a separate transaction, it was but a few days before the transfer of the stock and bonds to defendant and, as I view it, part and parcel of a scheme concocted by defendant and his daughter, Mrs. 'Chopin, to acquire plaintiff’s assets and defraud the State of Louisiana by having her qualify for “Old Age Assistance”.
It is admitted that Mrs. Chopin accompanied plaintiff to the homestead when the money was withdrawn, just as she was with her on the other occasions when the bonds and stock were transferred. Defendant’s testimony that he received only $100 out of the $2,963.63 cash withdrawn by his mother from the homestead, like the testimony of his daughter, is not very impressive to me.
I believe that the judgment appealed .from should be increased to the amount prayed for by plaintiff.